UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LETICIA PEREZ AVALOS,

Plaintiff,

v.

ADVANCED PSYCHIATRY, INC and UZOMA OSUCHUKWU, M.D.,

Defendants.

Case No. 2:263-cv-02552-GMN-EJY

**ORDER**

Pending before the Cout are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint for Employment Discrimination. ECF Nos. 2, 2-1. The IFP is granted below. The Court proceeds with the screening process.

**I. The Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Plaintiff's Complaint**

Plaintiff's Complaint appears to pursue claims under the Age Discrimination in Employment Act (the "ADEA"), the Americans with Disabilities Act (the "ADA"), and Nevada wage-hour laws. Plaintiff attaches her Charge of Discrimination and Right to Sue Letter to her Complaint. ECF Nos. 2-1 at 7-9, 11-12. The Court finds Plaintiff has exhausted her administrative remedies, a prerequisite to bringing her claims to this Court.

The totality of the allegations, which are considered based on the contents of the Complaint and Charge of Discrimination, state Plaintiff worked for Defendant as a biller and medical assistant, she suffers from post-traumatic stress disorder, she sought an accommodation, an offer of an accommodation was made (a position at a different location and at lower pay), she asked if could think about the offer, and a few days later when she tried to accept the offer she was told the offer was no longer available. ECF No. 2-1 at 7. Plaintiff also alleges the interactive process was not continued, that it was upon disclosure of her PTSD that the accommodation offer was revoked, and that she was terminated. *Id.* at 5, 7. Plaintiff alleges the employer refused to reissue a paycheck or pay her for 20.5 hours worked. *Id*. at 5.

Separately, Plaintiff contends she was harassed by coworkers based on her age. *Id*. at 7. Plaintiff says she was targeted with comments about being "too old" or "experience[ing] age related decline." *Id*. Coworkers told her she was "forgetting things." *Id*.

Plaintiff seeks pay for actual hours worked, back pay, and waiting time penalties under Nevada law as well as front pay, and compensatory damages.

**III. Discussion**

a. The ADA.

To state a prima facie discriminatory termination claim under the ADA, Plaintiff must allege facts demonstrating: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual; and (3) this Defendant terminated her because of disability. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir. 1996). Plaintiff must also "allege how [s]he is disabled within the meaning of the ADA." *Tyson v. ACRT Services Incorporated*, Case No. 23-cv-01889-HSG, 2024 WL 69073, at *4 (N.D. Cal. Jan. 5, 2024).

Plaintiff also appears to allege a failure to accommodate claim, which allegations are included in her Charge. ECF No. 2-1 at 7. The elements of a prima facie case for failure to accommodate mirror those of discrimination. Plaintiff must allege: "(1) [s]he is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability." *Allen v. Pac. Bell,* 348 F.3d 1113, 1114 (9th Cir. 2003)

Here, Plaintiff alleges she suffers from PTSD, which qualifies her as having a disability as defined by the ADA. Liberally construed, Plaintiff states that once she disclosed this to her employer, an accommodation offer was rescinded and no other accommodation or position was offered to her. Plaintiff also states these facts as: (1) she accepted an accommodation that would have allowed her to perform the essential functions of her job and, (2) despite accepting this offer, once her disability was revealed, the offer was no longer in place and no other offer of employment was made. In total, the Court finds, while not the model of clarity, Plaintiff states prima facie claims of discriminatory termination and failure to accommodate under the ADA.

b. The ADEA.

The Ninth Circuit recognizes age-based harassment—hostile work environment claims—under the ADEA. *Sisho-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991), *abrogated on other grounds by statute as stated in Dominguez-Curry v. Nevada Trans. Dep't*, 424 F.3d 1027, 1041 (9th Cir. 2005). To state a *prima facie* case of hostile work environment under the ADEA a plaintiff must allege: (1) she was subjected to verbal or physical harassment because of

her age; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment creating an environment that was objectively and subjectively offensive. *Freitag v. Ayers*, 468 F.3d 528, 539 (9th Cir. 2006); *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1187 (9th Cir. 2005). In determining whether an environment was sufficiently hostile or abusive, courts consider factors "including the frequency of the discriminatory conduct, its severity, whether it was physically threatening or humiliating, ... and whether it unreasonably interfered with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (internal quotation marks omitted).

Here, Plaintiff, born in 1966, says coworkers harassed her by stating she was "too old," "forgetting things," and "experiencing age related decline." ECF No. 2-1 at 7. Plaintiff says these comments were "frequent;" however, she provides no more detail regarding the pervasiveness of the statements made. Plaintiff does not clearly allege over what period of time her coworkers made these comments; although, it appears her employment commenced in July 2025 and ended in October of that same year. ECF No. 2-1 at 7. This relatively short employment period, coupled with the word "frequent," leads the Court to conclude that while the conduct alleged is not terrible severe, over a three month employment period frequent comments about one's age are facially sufficient to state a hostile work environment claim. Thus, the Court allows this claim to proceed against Advanced Psychiatry.

c. Plaintiff's Claims Against the Individual Defendant is Dismissed Without Prejudice and With Leave to Amend.

"The relevant provisions in light of the ADA's overall structure makes it clear that plaintiff cannot maintain an ADA … claim against individual defendants who do not otherwise satisfy the definition of an employer." *Stern v. California State Achives*, 982 F.Supp. 690 (E.D. Cal. 1997). In simple terms this means individuals who do not qualify under the definition of "employer" are not liable for violations of the ADA. Here, Plaintiff offers no facts to support the assertion that Dr. Osuchukwu, rather than Advanced Psychiatry, was her actual employer. In the absence of such facts, Plaintiff fails to state an ADA claim against the individually named defendant.

d. Waiting Time Penalties Under Nevada Law.

A claim for waiting time penalties arises under NRS 608.020-.040. If an employee resigns, she "must be paid no later than ... [t]he day on which the employee would have regularly been paid," or "[s]even days after the employee resigns or quits," whichever is earlier. NRS 608.030(1)-(2). If an employee is terminated, she must be paid on the same day as the termination. NRS 608.040. If the employer fails to pay the discharged employee within three days after the wages are due "the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid or for 30 days, whichever is less." *Id.*

Plaintiff states that she was not paid all wages due upon her termination. Whether this was a voluntary or involuntary termination, those wages were still due at the time Plaintiff filed her Complaint. Under NRS 608.020-.040, Plaintiff states a waiting time penalty claim.

**IV. Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is to file Plaintiff's Complaint (ECF No. 2-1) on the docket.

IT IS FURTHER ORDERED that Plaintiff's ADA discrimination, ADA failure to accommodate, and ADEA hostile work environment claims may proceed against Advanced Psychiatry.

IT IS FURTHER ORDERED that Plaintiff's waiting time penalty claim may proceed under Nevada law against Advanced Psychiatry.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one UMS-285 form. Plaintiff must complete the form for Advanced Psychiatry, Inc., to the best of her ability to do so, and she return the form no later than **September 18, 2026** to:

Gary G. Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

Plaintiff is advised to search the Nevada Secretary of State Business Entity website for the registered agent for Advanced Psychiatry on whom her Complaint should be served. Failure to return the USM-285 form will result in the inability to serve Advanced Psychiatry. This could lead to dismissal of Plaintiff's claims against this Defendant.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Advanced Psychiatry, Inc. and delivery the same along with one copy of Plaintiff's Complaint and one copy of this Order to the U.S. Marshal Service.

IT IS FURTHER ORDERED that the U.S. Marshal must attempt to serve this Order and Plaintiff's Complaint (ECF No. 2-1), together with the Summonses, on Advanced Psychiatry, Inc. no later than twenty-one (21) days after receipt of the completed USM-285 form.

IT IS FURTHER ORDERED that the Clerk of Court is kindly asked to remove ECF No. 2-1, page 16, from the public docket and file this document under seal.

IT IS FURTHER ORDERED that Plaintiff's claims against the individual defendant are dismissed without prejudice.

IT IS FURTHER ORDERED that if Plaintiff chooses to do so, she may file an amended complaint no later than **September 18, 2026**. The amended complaint **must** include **all** claims Plaintiff wishes to assert, including those claims that were allowed to proceed as stated in this Order. Failure to replead a claim will result that claim no longer going forward. If Plaintiff files an amended complaint the facts must support that Dr. Osuchukwu was not merely the head of Advanced Psychiatry, but that he was the actual employer, which is contrary to what is shown on the paystub Plaintiff submitted to the Court. Plaintiff is advised that she **does not** have to file an amended complaint. If she chooses not to, her age, disability, and waiting time claims **will proceed** against Advanced Psychiatry, Inc.

Dated this 28th day of August, 2026.

Elayna J. Youchah

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE